25-246-cv
Perez v. Porter

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE P`ROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty-six.

PRESENT:  JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

------------------------------------------------------------------

MARINA PEREZ, AS PARENT AND
NATURAL GUARDIAN OF C.P.
AND INDIVIDUALLY,

   *Plaintiff-Appellant*,

      v.                                              No. 25-246-cv

MEISHA PORTER, IN HER
OFFICIAL CAPACITY AS THE
CHANCELLOR OF THE NEW
YORK CITY DEPARTMENT OF
EDUCATION, NEW YORK CITY
DEPARTMENT OF EDUCATION,

   *Defendants-Appellees.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:    RORY J. BELLANTONI, Liberty & Freedom Legal Group, New York, NY

FOR DEFENDANTS-APPELLEES:    JONATHAN A. POPOLOW (Richard P. Dearing, Ingrid R. Gustafson, *on the brief*), of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Marina Perez, individually and on behalf of her son C.P., appeals from the January 3, 2025 judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) granting summary judgment in favor of Defendants on Perez's claim arising under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* In granting summary judgment, the District Court upheld the decision of a State Review Officer ("SRO"), which in turn affirmed the decision of an Impartial Hearing Officer. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

Mindful that courts lack the "specialized knowledge and educational expertise" of state administrators, we conduct a "circumscribed *de novo* review of a district court's grant of summary judgment in the IDEA context," seeking only to "independently verify that the administrative record supports the district court's determination." *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 138 (2d Cir. 2013).

As an initial matter, Perez argues that the Individualized Education Program ("IEP") was procedurally deficient because (1) Defendant New York City Department of Education sent Perez a meeting notice in English, not her native Spanish; (2) Perez did not have the opportunity to object to the absence of an additional parent member or physician at that meeting; and (3) the Committee on Special Education ("CSE") ignored alternative classroom placements for C.P. that would have had fewer students. Perez contends that these deficiencies amounted to a denial of a free appropriate public education ("FAPE"). But, as the District Court correctly concluded, Perez forfeited these arguments by failing to include them in her due process complaint. *See R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 187 n.4 (2d Cir. 2012) (observing that "[t]he parents must state all of the alleged deficiencies in the IEP in their initial due process complaint"); 20

3

U.S.C. § 1415(f)(3)(B).  We decline to exercise our discretion to review these challenges in the first instance.

Perez also asserts that the Defendants committed several substantive violations.  First, she argues that the IEP placed C.P. in a 12-student classroom with one teacher and four paraprofessionals in violation of a New York regulation concerning class sizes for students with disabilities.  *See* N.Y. Comp. Codes R. & Regs. tit. 8, § 200.6(h)(4)(ii)–(iii).  But the New York Court of Appeals recently clarified that "8 NYCRR 200.6(h)(4) provides alternatives," and requires a CSE "to exercise its knowledge and expertise to select the listed alternative that would best serve a student's individual needs."  *Cruz v. Banks*, --- N.E.3d ----, No. 1, 2026 WL 436354, at *5 (N.Y. Ct. App. Feb. 17, 2026).  Accordingly, because C.P. "has both severe multiple disabilities and highly intensive management needs," *Cruz v. Banks*, 172 F.4th 208, 209 (2d Cir. 2026) (citation modified), the CSE had the discretion to select either a classroom with up to 12 students and a 1:3 staff-to-student ratio, *see* § 200.6(h)(4)(iii), or a classroom with up to six students and "one or more supplementary school personnel," § 200.6(h)(4)(ii)(a). The IEP's recommendation of the former therefore did not deny C.P. a FAPE.

Perez next asserts that the IEP improperly denied C.P. a FAPE because it provided for 30-minute rather than 60-minute related-services sessions.  We

disagree. "A school district fulfills its substantive obligations under the IDEA if it provides an IEP that is likely to produce progress, not regression, and if the IEP affords the student with an opportunity greater than mere trivial advancement." *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 173 (2d Cir. 2009) (citation modified). According to the SRO, the administrative record reflected that C.P. "had a short attention span, was easily fatigued, and had very low stamina and tolerance for physical activities." App'x 85. As a result, the SRO concluded, the "CSE had a basis to recommend three 30-minute sessions per week of related services." App'x 85. "Particularly where the state officer's review has been thorough and careful," and where, as here, we find no error in the SRO's reasoning, we "defer to the administrative decision." *M.W.*, 725 F.3d at 138–39 (citation modified).

Perez also alleges that the CSE did not conduct enough evaluations of C.P. when crafting the IEP. She also claims that the CSE's assessment was not adequately individualized and improperly relied on former Vineland-II test scores.[1] The record, however, indicates that the CSE reviewed "a January 2018 psychological evaluation report, a December 2018 social service update report, a

---

[1] The Vineland-II test assesses a person's adaptive behavior, including communication, daily living, and socialization skills. *See* App'x 76.

December 2018 speech-language and feeding progress report, a January 2019 [occupational therapy] progress report, a January 2019 [physical therapy] progress report, and a January 2019 educational progress report." App'x 76. Moreover, the SRO determined that "[r]egardless of the specific Vineland-II scores the student received, overall the information available to the January 2019 CSE sufficiently described the student's significant global deficits." App'x 76 n.8. We therefore conclude that "the administrative record supports the district court's determination that [C.P.'s] IEP was adequate." *M.W.*, 725 F.3d at 138.

Perez further contends that C.P. was denied a FAPE because the CSE failed to formally recommend that he receive assistive communication devices or services. After reviewing the administrative record, the SRO concluded that C.P. did not "require[] devices and services as a formal recommendation" even though he "communicated through a variety of means." App'x 81. That decision was based on the CSE's understanding that a formal recommendation of one technology might restrict C.P.'s access to others—an understanding supported by the record. *See* Oral Arg. at 11:35–12:08. The IEP provided C.P. with an annual goal to "expand the use of [augmentative alternative communication] devices," notwithstanding the lack of a formal recommendation. App'x 80. The IDEA does not require that an IEP furnish "every special service

6

necessary to maximize each handicapped child's potential." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 199 (1982). We therefore agree with the District Court that the IEP's failure to formally recommend certain assistive devices or services did not deny C.P. a FAPE.

Finally, Perez argues that the IEP's annual goals for C.P. were inappropriate because one—shooting a basketball with hand-over-hand assistance—seemed unlikely. We agree with the SRO's determination that the inclusion of this annual goal, regardless of C.P.'s likelihood of accomplishing it, did not deprive him of a FAPE under these circumstances. *See Grim v. Rhinebeck Central Sch. Dist.*, 346 F.3d 377, 382 (2d Cir. 2003) ("[T]he sufficiency of goals and strategies in an IEP is precisely the type of issue upon which the IDEA requires deference to the expertise of the administrative officers.").

## CONCLUSION

We have considered Perez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court